UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALI ADDO | ) | |
| | ) | |
| v. | ) | CIVIL NO. 04-12573-NG |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States of America, by United States Attorney Michael J. Sullivan and Assistant United States Attorney John Capin, submits this memorandum in response to the petitioner Ali Addo's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Habeas Motion"). All but one of the claim asserted in the motion – a claim under Blakely v. Washington, __ U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)that this Court improperly made factual findings relevant to sentencing – are barred because they were raised and disposed of on direct appeal. The Blakely claim is wholly without merit because the First Circuit has held that:(1) Blakely claims are now viewed through the lens of Booker; (2) new rules are applied retroactively to cases already final only if they are watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding; and (3) the use of judge-made findings at sentencing does not undermine accuracy or undermine fundamental fairness.

**PROCEDURAL BACKGROUND AND FACTS**

### A. Course of Prior Proceedings

On September 19, 2001, a grand jury returned an indictment charging the defendant, Ali Hussein Addo ("the defendant" or "Addo") with escape, in violation of 18 U.S.C. §751(a). [D. 3][1] On October 4, 2001, the defendant made his initial appearance before this Court. [D. 10/4/01]. On June 14, 2001, after a one-day non-jury trial, this Court found the defendant guilty. [D. 50]. At a hearing on July 2, 2002, the Court sentenced the defendant to a term of imprisonment of eighteen months, to be followed by a term of supervised release of three years. [D. 55]. The Judgment of Conviction was docketed on July 18, 2002. [D. 56]. Addo filed a notice of appeal on July 12, 2002. [D. 58]. The Court of Appeals affirmed the conviction on January 23, 2004. [D. 64].

### B. The Government's Statement of Facts

The defendant was convicted of escape. The evidence at

---

[1] Citations herein to the record are as follows: "[D.]" refers to a docket entry and specifies the number of the docket entry or, if the entry is unnumbered, the date of the docket entry; "[Sent. Tr.]" refers to the transcript of the sentencing hearing; "[Def. Brief]" refers to the defendant's brief on direct appeal; and "[Gov. Brief]" refers to the government's brief on direct appeal. Each of these documents is submitted herewith.

While this memorandum is being filed with the Court electronically, the documents of record are not, because doing so would unduly burden the Court's electronic filing system. Instead, the exhibits will be submitted to the Court separately. See Notice of Filing with the Clerk's Office, Exhibit A hereto.

trial showed that, on February 13, 2001, the defendant was serving a criminal sentence and was assigned, by order of the Bureau of Prisons, to Coolidge House, a community treatment center in Boston, Massachusetts. [See Sent Tr. at 43]. On February 16, 2001, the defendant took his first opportunity to leave Coolidge House, ostensibly to seek employment, and failed to return. [Sent. Tr. at 10-11; 43-44]. At sentencing, the Court found that, while in escape status, the defendant conducted bank fraud and passport fraud. [Sent. Tr. at 43-44]. That finding was, in part, the basis for determining the base offense level under the United States Sentencing Guidelines. [Sent. Tr. at 44].

On direct appeal, the defendant asserted the following claims: (1) that his rights under the Speedy Trial Act, 18 U.S.C. §§3161, *et seq*. ("STA") were violated because trial did not commence within 70 days from the the date time began to accrue under the STA [Def. Brief at 1-6; Gov. Brief at 3-18]; (2)that the Bureau of Prisons was required to exhaust administrative remedies before the government could bring a criminal charge against the defendant for escape [Def. Brief at 10-11; Gov. Brief at 21]; (3) that his rights under the Confrontation Clause were violated because the government chose not to call certain witnesses it deemed not to be necessary [Def. Brief at 7; Gov. Brief at 19-21]; (4) that the government failed to provide certain discovery in a timely fashion [Def. Brief at 11; Gov.

3

Brief at 21-22]; and

(5) that this Court "refused to grant him an evidentiary hearing" and placed the "Burden of proving the Falsity of the charge" on the defendant. [Def. Brief at 13; Gov. Brief at 23-24].

**ARGUMENT**

**I.  THE COURT SHOULD DENY HABEAS RELIEF BECAUSE ADDO CANNOT RELITIGATE ON COLLATERAL REVIEW CLAIMS ALREADY DECIDED ON DIRECT APPEAL.**

It is well-established that issues disposed of on direct appeal may not be reviewed in a subsequent §2255 proceeding absent an intervening change in the law or a showing that manifest injustice would otherwise result. See United States v. Singleton, 26 F.3d 234, 2140 (1st Cir. 1994); United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990); Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984); Robson v. United States, 526 F.2d 1145, 1147 (1st Cir. 1975).  The Habeas Motion asserts four grounds for habeas relief: (1) violation of Speedy Trial Act [Habeas Motion, Ground one];(2) violation of Confrontation Clause [Habeas Motion, Ground two]; (3) violation of government's discovery obligations [Habeas Motion, Ground three]; and (4) illegal enhancement of sentence (citing Blakely v. Washington, __ U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)). [Habeas Motion, Ground four].  With the exception of his Blakely claim, the defendant already litigated on direct appeal each of the

claims asserted in his Habeas Motion.[2]  The defendant does not attempt to identify – and the government is not aware of any – intervening change in the law or facts suggesting that manifest injustice would result from refusal to re-visit these issues.

Moreover, Addo did not raise any of these claims before this Court entered judgment after trial.  Nor does he offer any argument in support of these claims, beyond cursory allegations.  He has therefore waived them.  See United States v. Berrio-Callejas, 219 F.3d 1, 3 (1st Cir. 2000) ("embryonic claims" without argumentation or case citations deemed waived on appeal); United States v. Rosario-Peralta, 199 F.3d 552, 563 n.4 (1st Cir. 1999) (issues presented in perfunctory manner deemed waived); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

## II.  ADDO'S **BLAKELY** CLAIM IS WITHOUT MERIT

In the Habeas Motion, Addo asserts that he was "illegally enhanced" and that the "Supreme Court [opinion] in Blakely v. Washington[, __ U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004))] made the sentence illegal [because t]he Judge, not the grand jury

---

[2] The Habeas Motion makes reference to "illegal[] deni[al of] bail based on reason – proven false." [Habeas Motion at 5, Ground two].  This claim was not asserted on direct appeal and is therefore barred here.  "[A] defendant cannot, by means of a §2255 proceeding, revive rights lost by a voluntary failure to appeal."  United States v. Lopez-Torres, 876 F.2d 4, 5 (1st Cir. 1989).  Ordinarily, such a failure to appeal precludes habeas relief absent a showing of cause excusing the default and actual prejudice resulting from the claimed error.  Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996).  Here, Addo offers no explanation whatsoever for his failure to raise this claim on direct appeal of his conviction.

5

[sic] concluded the facts that raised the petitioner's sentence." Addo's Blakely claim appears to be that this Court erred in finding that the defendant had committed new crimes – i.e., bank fraud and passport fraud – while on escape, which was the sole controversy at sentencing. [See Sent. Tr. at 11-24]. As the First Circuit has recently made clear, such Blakely claims are without merit. See Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005).

In Cirilo-Munoz, the First Circuit rejected the defendant's claim that a sentencing enhancement could not be applied under Blakely. 404 F.3d at 532. Specifically, the defendant claimed that the sentencing court erred in applying a sentencing enhancement based on a finding that the killing of a police officer was motivated by his status as a police officer. Id. Such a finding, the defendant argued, must be found by a jury beyond a reasonable doubt. Id. In rejecting this argument, the First Circuit explained that "Blakely claims are now viewed through the lens of United States v. Booker, __ U.S.__, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)." 404 F.3d at 532. The Court went on to explain that "new rules are applied retroactively to cases already final only if they are watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding," and "the use of judge-made findings at sentencing does not undermine accuracy . . . or undermine fundamental fairness." Id. at 532-33 (internal quotation marks

and citations omitted).  The court further stated, "To describe the use of mandatory guidelines as generating serious inaccuracy or fundamental fairness would not be easy." Id. at 533.  The Court concluded by stating:

> Such judge-made findings have been the conventional practice throughout our nation's history. They will, post-Booker, continue to be the rule where the sentence is within statutory limits. We have already decided that Apprendi, 530 U.S. at 490, 120 S.Ct. 2348, which provides jury trials for increasing statutory maximums, would not apply retroactively. This resolves any comparable Blakely-like claim in this circuit.

Id. (citations omitted).  The defendant's Blakely claim is thus without merit.

## CONCLUSION

For the foregoing reasons, this Court should deny Addo's Habeas Motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ John A. Capin
   _____
   John A. Capin
   Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, John A. Capin, Assistant U.S. Attorney, do hereby certify that I have served by first class mail, postage prepaid, a copy of the foregoing upon Ali Hussein Addo, Pro Se, Prisoner No. 84741, York County Prison, 3400 Concord Road, York, PA 17402.

/s/ John A. Capin
_____
John A. Capin
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALI ADDO | ) | |
| | ) | |
| v. | ) | CIVIL NO. 04-12573-NG |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**NOTICE OF FILING WITH THE CLERK'S OFFICE**

Notice is hereby given that the exhibits listed below to the Government's Memorandum in Opposition to Defendant's Motion under 28 U.s.c. § 2255 To Vacate, Set Aside, or Correct Sentence have been manually filed with the Court and are available in paper form only:

(1) Docket Report, U.S. v. Addo, Crim. No. 01-10329-NG

(2) Transcript of Sentencing Hearing, U.S. v. Addo, Crim. No. 01-10329-NG

(3) Defendant's Brief, U.S. v. Addo, App. No. 02-1826

(4) Government's Brief, U.S. v. Addo, App. No. 02-1826

      Respectfully submitted,

      MICHAEL J. SULLIVAN
      United States Attorney

By: /s/ John A. Capin
_____
JOHN A. CAPIN
Assistant U.S. Attorney