United States District Court
For the District of Massachusetts

CASE # 04CV12573NG

Re: Ali Addo V. United States.

Reply To The government Response:

Its rudimentary that BLAKELY or Booker/FANFAN are not based on new law. The Ruling on these cases is consistent with previous Rulings of the Supreme Court. See Apprendi V. New Jersey, Jones V. United States, 526 U.S. 277, 230, 143 L. Ed. 2d 311, 119 S. ct 1215 (1999), In re Winship, 397 U.S. 358, 364, 25 L. Ed 368, 90 S. ct. 1068 (1970), United States V. Gaudin, 515 U.S. 506, 511, 132 L. Ed. 2d 444, 115 S. ct 2310 (1995), Ring V. Arizona, 122 S. ct. 2428 (2002).

These rulings are based on the sixth Amendment. No rational person would argue The sixth Amendment is new law or Amendment.

The government has no authority to rephrase the language of charge as stated by the grand jury. The government has no authority to reconstruct statute and construe it other than what is intended for

In this bizarre case, the grand jury was fed unilaterally to promote a charge of "Failure not to Appear ~~for intent~~ to serve sentence or complete the remaining four weeks of a violation sentence". The grand jury was never explained what constitutes escape. The government is required by law to explain to the grand jury the "definition of escape". Hence the grand jury was not well versed with the statutory definition of escape.

> "ps: A violation verdict is not criminally attained judgment, hence escape can't stem from civil judgment or judgment civilly attained which violation is based on."

According to the grand jury proceeding, the petitioner was not charged with escape. The prosecutor construe the proceeding to escape so as to make in line the charge made by the Half-way house manager notwithstanding the fact the case manager disagreed with the manager. The case manager is the only person who met the petitioner and knows the petitioner. According to the charging document, the charge as made by the grand jury is not escape. Hence, its prosecution as escape violates petitioner's Sixth and Eighth rights. SEE, SHEPARD v. United States, 125 S.ct. 1254 (2005)

Shepard which is not a new law since its based on Taylor v. United States, 495 U.S. 575 (1990) and Apprendi, 530 U.S. 466 (2000) made it very clear eventhough it was not directly raised in Shepard (and there is no need to raise it directly since every rational person can fathom) that prior convictions must be stated in the indictment if they are to be used to enhance sentence. Thus, because prior convictions were not mentioned in the indictment, no enhancement should apply at all.

The Sixth Amendment's Application to enhancements is very clear that any argument to enhance sentence wether it's prior conviction or related argument must be challenged and relitigated and be re-instated in the indictment. Shepard relitigated his prior convictions.

Had Shepard chosen to challenge the conviction completely, he should have been allowed. It is the government who attempted to reconvict again on prior conviction, Hence he must be allowed to exonerate himself if he chooses.

Granted that the sixth Amendment and the fifth Amendment are extremely abused in federal court and none is more expressed than the petitioner's case.

The petitioner was enhanced on charges that were never introduced to grand jury. The prosecutor illegally construed the grand jury finding to escape.

The case must have been dismissed because the Accusers fail to show up in the court. The petitioner was denied to confront his Accusers.

The Agent who manufactured these charges was transferred from Boston for his criminal activities of this case and others.

Wherefore, The petitioner respectfully move The Honorable to grant his petition.

Respectfully submitted,
Ali Addo, prose
sig: Addo

Certificate of Service:
I, Ali Addo, the petitioner hereby declare that on this date, June 20, 2005, I cause a copy of this motion to be mailed first class with enough postage prepaid to: Aush Juta Capin United States Attorney's Office, suite 9200, One Courthouse Way Boston, MA 02210.